UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO WILLIAMS,

                Petitioner,

     v.

M. C. KRAMER, Warden

              Respondent.

2:07-CV-0667-JLR

ORDER

## I.  INTRODUCTION

Petitioner Antonio Williams is a prisoner in state custody.  He seeks relief under 28 U.S.C. § 2254 from his 2005 convictions in state court for making criminal threats and stalking and from his resulting sentence for a prison term of 11 years.  Currently before the court is Mr. Williams's § 2254 petition for writ of habeas corpus.  (Dkt. # 1.) Respondent M. C. Kramer filed an answer (Dkt. # 10) to Mr. William's petition, and Mr. Williams filed a traverse in reply (Dkt. #27).  The court, having reviewed the petition, answer, traverse, governing law, and the balance of the record, DENIES the petition as to all claims, and DISMISSES the action with prejudice.

ORDER – 1

## II. BACKGROUND

On March 17, 2005, a California jury found Mr. Williams guilty of making criminal threats (count 1) and stalking (count 2). (Clerk's Transcript on Appeal, Vol. 1 ("CT1") at 120-21.) The California Court of Appeals summarized the facts regarding Mr. Williams' convictions as follows:

> Defendant fathered a daughter as boyfriend to Jennifer D. His relationship with Jennifer ended in 1996 when their child was nine months old. They remained in contact so that when defendant wished to he could see his daughter. Jennifer often talked with him on the telephone.

> Some time before 2:00 a.m. on the morning of July 12, 2004, defendant telephoned Jennifer, awakening her. He accused her of sexual relations with a friend of his and said that if anyone was in her home he would shoot them when they walked out the door. She hung up. He called back repeatedly. She left her phone off the hook. He came to her home and kicked the door open, knocking it off its hinges.

> Very early on the morning of August 20, 2004, defendant again repeatedly telephoned Jennifer at her apartment. Once again, he angrily accused her of having sex with his friend. He said he was going to shoot her house up. When she stopped answering the phone he left messages threatening to hurt her and to shoot anyone who walked out of her home. Finally he left a message that he was on his way to her home.

> Jennifer summoned the police. When they arrived she asked them to stand by as she and her daughter left her apartment to drive to the home of her parents, about five minutes away by car. She parked her car in the driveway, entered her parents' house and locked the door. Defendant had also been telephoning [Jennifer's] parents that morning and leaving similar messages. That continued after her arrival. Jennifer was afraid that defendant would come and shoot her or her family members.

> Jennifer's mother made a series of 911 telephone calls complaining of the threats being made by defendant. The jury heard the recording of those calls.

ORDER – 2

Officer Sarah Dorsey of the Sacramento Police Department arrived at 4:04 a.m. on August 20, 2004, and took a report. She listened to the threatening cell phone messages that Jennifer testified defendant left that morning. Officer Dorsey corroborated Jennifer's testimony about their content. Dorsey left at 4:31 a.m. Less than five minutes later, defendant arrived at the parents' home. He knocked on the door and then stood across the street next to his car. Jennifer's mother telephoned the police again.

Officer Daniel Chipp of the Sacramento Police Department arrived at Jennifer's parents' home about 4:45 a.m. Defendant was standing across the street next to a car. Officer Chipp arrested defendant and placed him in a police car.

Defendant, growing agitated and progressively louder, remarked that he had come to the home "to deal with his baby's mamma's mamma." He also said "this isn't over." He told Officer Chipp that he had come there in his uncle's car to "deal with this like he should have a long time ago." He said, "that bitch don't know who she's fucking with." He told the officer to treat him right "and we won't have a problem in the future."

(Dkt. # 11, Ex. D at 2-4.)

Following trial, Mr. Williams admitted two special sentencing allegations: (1) that he had a prior conviction for robbery, and (2) that he was on parole. (Reporter's Tr. on Appeal, Vol. 2 ("RT2") at 307-10.) He also waived his right to a jury trial, but not to a bench trial, regarding the third special allegation concerning his performance on parole. (*Id.*) The court conducted a trial for the third special allegation and found that Mr. Williams had acted unsatisfactorily on parole. (RT2 at 332.) The court sentenced Mr. Williams to state prison for a term of 11 years for count 1, and the court stayed his sentence on count 2. (CT1 at 152.)

Mr. Williams appealed to the California Court of Appeal, Third Appellate District (Dkt. # 11, Ex. A), which denied his appeal on August 31, 2006 (Dkt. # 11, Ex. D). Mr.

ORDER – 3

Williams petitioned for review in the California Supreme Court.  (Dkt. # 11, Ex. E.)  On

November 15, 2006, the California Supreme Court denied Mr. Williams's first two claims

without comment, and denied his third claim without prejudice to any relief he might be

entitled to after the United States Supreme Court decided *Cunningham v. California,* 549

U.S. 270 (2007).  (Dkt. # 11, Ex. F.)  Mr. Williams subsequently filed a petition for

habeas relief to the California Supreme Court, which the Court denied on April 16, 2008.

(Traverse, Ex. A.)

Respondent concedes that Mr. Williams's timely filed federal petition for writ of

habeas corpus, and that he has exhausted claims one and two.  (Ans. at 2-3.)  Respondent

disputes Mr. Williams's exhaustion of claim three,[1] but nevertheless asks the court to

deny claim three on its merits.  (*Id.* at 3, 13.)

### III. GROUNDS FOR REVIEW

Mr. Williams raises three grounds for relief in his federal habeas petition:

1.    The trial court's admission of prior uncharged acts of domestic violence
      violated California Evidence Code § 352, Mr. Williams due process rights to a
      fair trial, and established federal law;

2.    The trial court erred prejudicially when it admitted Mr. Williams' spontaneous
      post-arrest statements to a police officer;

---

[1] As an attachment to his traverse, Mr. Williams submitted a copy of the California
Supreme Court's summary denial of his petition for writ of habeas corpus.  (Traverse, Ex. A.)
However, Mr. Williams failed to provide this court with a copy of his petition to the California
Supreme Court.  As a result, it is impossible for this court to determine what claims Mr. Williams
placed before the California Supreme Court in his habeas petition, and consequently likewise
impossible to confirm the exhaustion of his third claim.

ORDER – 4

3.   The trial court erred in imposing the upper term for the criminal threats conviction in violation of Mr. Williams' rights to a jury trial and due process under the Fifth, Sixth, and Fourteenth Amendments to the Constitution.

(Pet. at 3-28; Traverse 5-15.)

The argument section of Mr. Williams's federal habeas corpus petition is a verbatim copy of the argument section from his appeal to the California Court of Appeals and his original petition for review to the California Supreme Court.  (*See* Dkt. # 11, Ex. A at 9-36; *id.*, Ex. E at 3-30; Pet. at 3-30.)  However, in his traverse, Mr. Williams asserts new arguments or different rationales for each of his claims.  (Traverse at 5-15.)

"A traverse is not the proper pleading to raise additional grounds."  *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994).  Nevertheless, a district court "has discretion, but is not required to" consider evidence and claims raised for the first time after the filing of the petition.  *See Brown v. Roe,* 279 F.3d 742, 745 (9th Cir. 2002); *United States v. Howell,* 231 F.3d 615, 621 (9th Cir. 2000).  This includes new claims raised by a petitioner in the traverse.  *See, e.g., Jackson v. Roe,* 425 F.3d 654, 655 n.1 (9th Cir. 2005) (noting magistrate judge's consideration of a new claim raised for the first time in the traverse).  Indeed, it may be an abuse of discretion for a district court to refuse to consider new claims raised after the petition by a pro se petitioner.  *See, e.g., Brown,* 279 F.3d at 745-46.  To the extent a district court chooses to consider new grounds, however, a district court must "actually exercise its discretion" and not merely accept or deny the new claims.  *Howell,* 231 F.3d at 622.  Here, Mr. Williams is a pro se petitioner,

ORDER – 5

and the court exercises its discretion to consider the additional matters raised for the first time in Mr. Williams's traverse.

## IV.  DISCUSSION

### A.  Exhaustion

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his or her available remedies.  28 U.S.C. § 2254(b).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . . ; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Rose v. Lundy*, 455 U.S. 509, 518 1982).  Under § 2254(b)(2) of Title 28, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  However, "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

In this case, Mr. Williams's failure to submit a copy of his California Supreme Court habeas petition prevents the court from determining whether his federal habeas claims are exhausted. *See supra* note 1. However, as discussed below, Mr. Williams fails to raise a colorable federal claim, and therefore, it is appropriate for this court to deny his petition on the merits.

**B.  Standard of Review**

This case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). Under AEDPA, a federal court may grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)). ". . . [F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

A state court ruling is "contrary to" clearly established federal law if the state court either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also*

ORDER – 7

*Lockyer*, 538 U.S. at 73.  A state court decision is an 'unreasonable application' of

Supreme Court precedent, "if the state court identifies the correct governing legal

principle from [the] Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case." *Williams*, 529 U.S. at 413.  Mr. Williams bears the burden of

establishing that the state court's decision is contrary to or involved an unreasonable

application of Supreme Court precedent.  *Price v. Vincent,* 538 U.S. 634, 638-39 (2003).

**C.  Claim 1: Admission of Prior Uncharged Acts of Domestic Violence**

     1.  <u>Background</u>

     Mr. Williams claims that the state trial court inappropriately admitted evidence of a

prior uncharged act of domestic violence, thereby violating California Evidence Code §

352, as well as his due process rights to a fair trial.  (Pet., Attach. at 3.)  In his traverse,

Mr. Williams also claims that his due process rights were violated by the court's use of

California Jury Instruction – Criminal ("CALJIC") No. 2.50.02 and CALJIC No. 2.50.2,

and the prosecutor's comments in closing arguments regarding this evidence.  (Traverse at

7.)  Mr. Williams claims that the propensity evidence, in conjunction with the jury

instructions and the prosecutor's closing argument, inappropriately lowered the state's

evidentiary burden.  (*Id.* at 11-12.)[2]  The state appellate court found that no state law error

---

    [2]Mr. Williams also claims that the state appellate court decided "that the introduction of propensity evidence could never violate due process."  (Traverse at 8.)  Mr. Williams references footnote three from the Third Appellate District's unpublished decision for this claim.  (*Id.*)  The court's review of this footnote reveals that Mr. Williams's interpretation is incorrect.  The state court merely disposed of Mr. Williams's bare assertion that his due process rights were violated; it is the bare assertion that was not cognizable.  (*Dkt. # 11, Ex. D at 7 n.3.)  The court did not establish a bright line rule allowing for the admittance of all propensity evidence.  As such, no

1    occurred, and that Mr. Williams failed to make an adequate argument for his
2    constitutional due process violation.  (Dkt. #11, Ex. D at 7 & n.3.)
3
4         2. <u>Analysis</u>
5         Initially, Mr. Williams asserts that the admission of prior domestic violence
6
7    evidence violated California Evidence Code § 352.  The California Court of Appeals
8    concluded that the trial court's admission of the challenged evidence comported with
9    California law (Dkt. #11, Ex. D at 7), a conclusion to which this court must defer.  *Bains*
10
11   *v. Cambra,* 204 F.3d 964, 972 (9th Cir. 2000) (citing *Wainwright v. Goode,* 464 U.S. 78,
12   84 (1983)).  Thus, to the extent that Mr. Williams's claim is simply an assertion that the
13
14   trial court violated California Evidence Code § 352, his claim fails.  Such an inquiry is not
15   part of a federal court's habeas review of a state conviction.  ". . . [F]ederal habeas corpus
16   relief does not lie for errors of state law."  *Estelle,* 502 U.S. at 67 (citing *Lewis v. Jeffers,*
17   497 U.S. 764, 780 (1990)).
18
19        The question then is whether – despite the California trial court's compliance with
20   California law – Mr. Williams nonetheless can establish a federal violation sufficient to
21
22   invoke federal habeas relief.  As an preliminary matter, the Supreme Court "has never
23   expressly held that it violates due process to admit other crimes evidence for the purpose
24   of showing conduct in conformity therewith."  *Alberni v. McDaniel*, 458 F.3d 860, 863
25   (9th Cir. 2006) (internal quotation marks and citations omitted).  In *Alberni*, the state court
26
27   _____
28    further inquiry into this allegation is necessary and habeas relief is not available on this basis.

ORDER – 9

had determined that due process was not violated by the admission of propensity evidence

of past violent acts at the petitioner's trial for second-degree murder.  485 F.3d at 863-67.

On habeas corpus review, the Ninth Circuit held that the state court's ruling was not

objectively unreasonable.  *Id.*

More recently, in *Mejia v. Garcia,* 534 F.3d 1036 (9th Cir. 2008), the Ninth Circuit

rejected a petitioner's claim that the admission of prior sexual offense evidence was

unconstitutional.  In doing so, the Ninth Circuit again specifically found that there is no

clearly established Supreme Court precedent holding that the admission of such propensity

evidence is unconstitutional, and consequently, the Ninth Circuit could not hold that the

state court's rejection of the claim was either contrary to, or involved an unreasonable

application of, clearly established Supreme Court precedent.  *Id.* at 1046.  In fact, the

Supreme Court has expressly declined to address the issue.  *See Estelle,* 502 U.S. at 75 n.5

("Because we need not reach the issue, we express no opinion on whether a state would

violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show

propensity to commit a charged crime.").  Because there is no clearly established Supreme

Court precedent to the contrary, the same result as in *Alberni* and *Mejia* is required here.

Even were this not true, the admission of propensity evidence here did not violate

general due process principles.  In *United States v. LeMay,* 260 F.3d 1018 (9th Cir. 2001),

the Ninth Circuit held that there is "nothing fundamentally unfair about the allowance of

propensity evidence." *Id.* at 1026.  The Court explained that "[a]s long as the protections

of [Federal] Rule [of Evidence] 403[3] remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." *Id.* (footnote added); *see also United States v. Castillo,* 140 F.3d 874, 881 (10th Cir. 1998); *United States v. Mound,* 149 F.3d 799, 801 (8th Cir. 1998).  Finding that the introduction of the propensity evidence in the total context of the case did not render the trial fundamentally unfair, the *Mejia* court noted that the petitioner had counsel to defend him against the prior allegations and "specifically to cross-examine and mount a vigorous defense against the alleged prior victim." *Mejia,* 534 F.3d at 1046.[4]

Here, there is nothing in Mr. Williams's case that would require a different result from *LeMay* and *Mejia*.  The trial court found that evidence of Mr. Williams' prior acts of domestic violence involving the victim were highly relevant to establish both his propensity, as well as the victim's fear.  ((Reporter's Transcript on Appeal, Vol. 1 ("RT1") at 69-72.)  Mr. Williams was represented by counsel, who cross-examined the witness concerning the alleged prior incident.  (RT1 at 137-56.)

Further, the court provided specific instructions to the jury that evidence of the prior incident was received for a limited purpose and was not sufficient alone to convict

---

[3]Federal Rule of Evidence 403 is the federal counterpart to California Evidence Code § 352.

[4]The fact that *LeMay* and *Mejia* both involved the admission of prior acts of sexual misconduct under the Federal rules, whereas Mr. Williams's case involves the admission of evidence of prior acts of domestic violence under the California rules, does not diminish their applicability.  The California rules are analogous to the Federal rules.  *See, e.g., Ray v. Kernan,* No. C 06-4556 SBA (pr), 2009 WL 152467, at *13-16 (N.D. Cal. Jan. 22, 2009) ("The reasoning of *LeMay* applies equally to this [California] case [involving admission of prior acts of domestic violence] because the California rules are analogous to the federal rules.").

ORDER – 11

Mr. Williams.  (CT1 at 8-9.)  A jury is presumed to follow the instructions it is given, *Weeks v. Angelone,* 528 U.S. 225, 234 (2000), *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and Mr. Williams has submitted no evidence to the contrary.  The court, therefore, finds that the California court's rejection of Mr. Williams's claim based on the trial court's admission of propensity evidence was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  *See, e.g., Ray,* 2009 WL 152467, at *13-16 (similarly ruling that state court's decision regarding the admission of prior acts of domestic violence was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent; *McCullock v. Woodford*, No. CV 06-1516-JFW (OP), 2009 WL 2059432, at *9-11 (C.D. Cal. July 14, 2009) (similarly rejecting petitioner's request for a writ of habeas corpus with regard to the admission of propensity evidence of prior sexual assault).[5]

Mr. Williams's next contention is that the trial court's use of CALJIC No. 2.50.02 and CALJIC No. 2.50.2 allowed the jurors to find guilt based on a preponderance of the evidence, rather than on proof beyond a reasonable doubt.  (Traverse at 7-8.)  To obtain

---

[5]Even assuming that the admission of prior acts of domestic violence did violated Mr. Williams's due process rights, Mr. Williams has not shown that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993) (internal quotation marks and citation omitted).  The evidence of Mr. Williams's guilt was overwhelming, including testimony by the victim (RT1 at 107-159), the victim's mother (RT1 at 159-185), and two police officers (RT1 at 185-199, 216-228) concerning the events of August 20, 2004, which underlie his convictions. *See Allen v. Woodford,* 395 F.3d 979, 992 (9th Cir. 2005) ("[T]o the extent that any claim of error . . . might be meritorious, we would reject that error as harmless because the evidence of [petitioner's] guilt is overwhelming.").

ORDER – 12

federal habeas relief for errors in jury instructions, a petitioner must show that the ailing

instruction by itself so infected the entire trial that the resulting conviction violates due

process.  *See Estelle*, 502 U.S. at 72.  It is important to note that the due process clause of

the Fourteenth Amendment protects the accused against conviction except upon proof

beyond a reasonable doubt of every fact necessary to constitute the crime with which he

or she is charged.  *In re Winship*, 397 U.S. 358, 364 (1970).

Mr. Williams's claim is without merit because "CALJIC 2.50.02 clearly

distinguishes between the burden of proof for finding that [Mr. Williams] committed a

prior act of domestic violence, and the required proof for a finding that [Mr. Williams]

committed the charged offense."  *See Martinez v. Campbell,* No. 2:06-cv-00831 ALA

(HC), 2009 WL 413618, at * 9 (E.D. Cal. Feb. 18, 2009).  The instruction provides that

even if a jury finds by a preponderance of the evidence that the defendant committed a

prior crime involving domestic violence, that is not sufficient by itself to prove beyond a

reasonable doubt that he committed the charged offense.  (CT1 at 105.)  The instruction

specifically states that the scope of the prior act evidence is limited to an inference that is

simply one item to consider along with all other evidence, in determining whether Mr.

Williams is guilty of the charged offense beyond a reasonable doubt.  (*Id.*)  Further, the

trial court instructed the jury that it was required to find Mr. Williams guilty beyond a

reasonable doubt:

> A defendant in a criminal action is presumed to be innocent until
> the contrary is proven.  And in case of a reasonable doubt whether
> his guilt is satisfactorily shown, he is entitled to a verdict of not

guilty.  This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt.

(CT1 at 107.)  As such, Mr. Williams's due process liberty interest was adequately protected and habeas relief is unavailable based on this claim.  *See Collins v. Carey*, 312 Fed. Appx. 74 (9th Cir. 2009) ("CALJIC No. 2.50.02 has been held constitutional by several California courts, . . . [and] [w]hen read in conjunction with the instructions on proof beyond a reasonable doubt, it was not unreasonable under AEDPA for the California courts to find no due process violation.") (citations omitted); *Martinez*, 2009 WL 413618 at * 9.[6]

In light of the court's rulings above denying any habeas relief based upon the admission of evidence concerning prior acts of domestic violence, or upon the jury instructions, the court also finds no violation of clearly established Supreme Court precedent in the prosecutor's comments during closing arguments.  *See, e.g., Alberni,* 458 F.3d at 867 n.2.  In sum, the court is persuaded that the state trial court's decision to admit the prior incident of domestic violence was neither contrary to, nor an unreasonable application of, clearly established federal law.  Likewise, Mr. Williams is not entitled to

_____

[6]The Ninth Circuit previously found the 1999 versions of CALJIC No. 2.50.01 and CALJIC No. 2.50.02 (which are identical in all aspects except that the former deals with uncharged sexual offenses while the later deals with uncharged acts of domestic violence) to unconstitutionally allow a jury to convict under a preponderance standard. *See Gibson v. Ortiz,* 387 F.3d 812, 822 & n. 4 (9th Cir. 2004).  However, *Gibson* was disapproved by a subsequent Ninth Circuit panel decision, *Byrd v. Lewis,* 566 F.3d 855 (9th Cir. 2009), and the instructions have since been "revised to make clear that the jury cannot find the defendant guilty of any crime charged unless the jury is persuaded of the defendant's guilt beyond a reasonable doubt." *See Prince v. Subia,* No. C 08-1014 JF, 2009 WL 1615987, at * 3 (E.D. Cal. June 9, 2009).

ORDER – 14

any habeas relief based on the jury instructions concerning that evidence or the

prosecutor's comments in his closing arguments.

**D. Claim 2: Admission of Mr. Williams's Spontaneous Statements**

Mr. Williams also alleges that he is entitled to habeas relief because the trial court

prejudicially erred when it admitted his spontaneous statements to police officers

following his arrest.  (Pet. at 16; Traverse at 13.)   The California Court of Appeals found

that Mr. Williams's statements were relevant under California Evidence Code § 210

because they "tend[ed] to show that defendant has a propensity to respond to perceived

grievances with anger and threats" and that this in turn had a tendency "to show that he

threatened [the victim] with violence to herself or persons with her on that morning."

(Dkt. # 11, Ex. D at 8.)  The state court further ruled that Mr. Williams's argument that

the statements were prejudicial under California Evidence Code § 352 was not cognizable

because he had made no such objection at trial.  (Dkt. # 11, Ex. D at 8 n.4.)

Mr. Williams's habeas petition is restricted to a reiteration of these state law issues.

(Pet. at 16-27.)  A federal habeas court may not review a state court's application and

interpretation of state law.  *See Estelle,* 502 U.S. at 67-68.  Although Mr. Williams'

traverse sets forth a Supreme Court standard upon which to evaluate harm based on a

constitutional error, he fails to identify or show the existence of a constitutional error to

which this standard should be applied. (*See* Traverse at 13-14.)   Indeed, Mr. Willliams's

sole argument in this regard appears to be that introduction of his post-arrest statements

caused him prejudice.  (*Id.* at 14.)  This alone is inadequate for habeas relief.  "[I]t is not

ORDER – 15

enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim. . . ." *Gray v. Netherland,* 518 U.S. 152, 163 (1996) (citing *Anderson v. Harless,* 459 U.S. 4 (1982)).  In addition to a statement of the facts, it is necessary to provide reference to a specific constitutional guarantee that has been violated.  *See Gray,* 518 U.S. at 162-63.  Mr. Williams failed to do this either at the state or the federal level, and the court therefore denies habeas corpus relief for this claim.

**E.  Claim 3: Use of Aggravating Factors to Impose the Upper Term of Sentencing**

In his petition, Mr. Williams argues that the court violated *Blakely v. Washington,* 542 U.S. 296 (2004), by imposing an upper term sentence based on its own findings of aggravating factors not determined by a jury.  (Pet. at 29.)  In his traverse, Mr. Williams maintains his contention that the state court acted contrary to or unreasonably applied *Blakely* as well as *Cunningham v. California,* 549 U.S. 296 (2004).  (Traverse at 15.)  The California Court of Appeal denied Mr. Williams's claim (*see* Dkt. #11, Ex. D at 8-9), relying on *People v. Black*, 35 Cal. 4th 1238 (2005), which held that a trial court's finding of aggravating factors did not violate the Sixth Amendment.  The United States Supreme Court subsequently reversed *Black* in *Cunningham,* a month before Mr. Williams's conviction was final.[7]  Nevertheless, the court denies Mr. Williams's claim for habeas relief because the California court's conclusion that the trial court did not err in imposing

---

[7]*Cunningham* is the appropriate federal law because it was released before the state supreme court's decision became final.  *See generally Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (a case is final when a judgment has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or is finally denied).

ORDER – 16

an upper term sentence was not an unreasonable application of Supreme Court precedent in this case.  28 U.S.C. § 2254(d).

In *Cunningham*, the United States Supreme Court held that California's procedure for selecting upper terms violated a defendant's Sixth and Fourteenth Amendment rights to a jury trial because it "assign[ed] to the trial judge, not to the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence."  549 U.S. at 274.  The court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant."  *Id.* (citing *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004)).  In *Apprendi*, the Supreme Court had previously held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.

Here, Mr. Williams fails to show that he is entitled to relief on this claim.[8]  Mr. Williams's waived his right to a jury trial with regard to all three aggravating factors.  First, he admitted two of the three special allegations:  (1) that he had a prior conviction for robbery and (2) that he was out on parole.  (*See* RT2 at 307-310.)  Then, he expressly waived his right to jury trial with regard to the third special allegation – that he had acted

---

[8]Once again, to the extent that Mr. Williams's claim relies upon state law, it does not provide a basis for federal relief.  A federal habeas court may not review a state court's application and interpretation of state law.  *See Estelle,* 502 U.S. at 67-68.

ORDER – 17

1  unsatisfactorily on parole – while maintaining his right to a bench trial.  (*Id.* at 309.)  Upon

2  the court's finding that the defendant had acted unsatisfactorily on parole, the state

3  withdrew and dismissed special allegation one on the belief that allegations two and three

4  encompassed the scope of special allegation one.  (*Id.* at 332.)  The court used these two

5  remaining special allegations to justify sentecing the defendant the upper term.  (*Id.* at

6  336.)

7

8          The trial court's decision to impose an upper term sentence is not contrary to

9  established federal law under either *Cunningham, Apprendi,* or *Blakely.*  *Cunningham*

10  adopted *Apprendi's* bright-line rule allowing a prior conviction to increase a penalty

11  beyond the statutory maximum without the necessity of a jury trial.  *Cunningham,* 549 U.S.

12  at 274-75.  Further, *Cunningham* recognized that sentences beyond the statutory maximum

13  could be based on either facts found by a jury or "admitted by the defendant."  *See id.* at

14  274.  *Blakely* recognized that a defendant can waive constitutional rights, including the

15  bundle of Sixth Amendment rights referred to as *Apprendi* rights, and consent to judicial

16  fact-finding for sentencing enhancements.  *Blakely,* 542 U.S. at 310 ("nothing prevents a

17  defendant from waiving his *Apprendi* rights . . . [i]f appropriate waivers are procured").

18  "Accordingly, a valid waiver of *Apprendi* rights would allow a sentencing court to make a

19  factual determination that may result in a defendant receiving a sentence beyond the

20  relevant statutory maximum sentence that the guilty plea itself supports."  *United States v.*

21  *Buonocore,* 416 F.3d 1124, 1138 n.1 (10th Cir. 2005).

ORDER – 18

1    In this case, Mr. Williams both expressly waived his right to a jury trial with regard

2

3    to one of the special allegations (that he had acted unsatisfactorily on parole), and outright

4    admitted the other two (that he had a prior conviction of robbery, and was out on parole).

5    (RT2 at 307-10.)  Mr. Williams's admission of two of the special allegations, his express

6

7    waiver of the right to a jury trial with regard to the third, and the trial court's subsequent

8    finding that he had acted unsatisfactorily on parole, are sufficient grounds under prior

9    Supreme Court precedent to support imposing an upper term sentence.  As such, the trial

10

11   court's decision to impose a upper term sentence on Mr. Williams is neither contrary to nor

12   an unreasonable application of clearly established federal law and petitioner's habeas relief

13   on this ground is denied.

14

15                                       **V. CONCLUSION**

16            For the foregoing reasons, the petition for a writ of habeas corpus is DENIED as to

17   all claims.

18            Dated this 5th day of August, 2009

19                                                         _____
20                                                         JAMES L. ROBART
21                                                         United States District Judge

22

23

24

25

26

27

28

ORDER – 19